IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>  v.        )<br>         )   Criminal No. 10-187<br>LANDON CLAYBOURNE,  )<br>    Defendant   ) | |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

**OBJECTIONS TO PRESENTENCE REPORT**

Defendant objects to the assessment of one point for his conviction of resisting arrest and possessing cocaine, and to the assessment of two points for his probationary status at the time of the instant offense. The offense of resisting arrest is excluded from computations by U.S.S.G. § 4A1.2(c)(1), which provides that certain offenses are counted only if the sentence was a probation term of more than one year or a term of imprisonment of at least thirty days or the prior offense was similar to an instant offense. The probation term for resisting arrest was one year. Since the offense was not countable, defendant's probationary status should likewise not have factored into the guideline computations.

Moreover, defendant received no further penalty -- *no sentence at all* -- for the cocaine possession. While the Guidelines count

1

sentences that were "totally suspended or stayed", § 4A1.2(a)(3), a "no further penalty" determination is not such a sentence. Suspended sentences are typically conditioned on future good behavior, and stayed sentences are subject to changed circumstances (such as affirmance on appeal). By contrast, the determination here was unconditional and unchangeable.

## MOTION FOR DOWNWARD DEPARTURE

As set forth above, defendant received a point for an offense for he received no sentence, and two points because of his violation of a probation for a non-countable offense. Assuming arguendo that the conviction referenced above was properly counted, defendant's criminal history category substantially over-represents his propensity for crime. *See generally United States v. Reyes*, 8 F. 3d 1379 (9th Cir. 1993); *United States v. Brown*, 985 F. 2d 478 (9th Cir. 1993). The single offense -- for which he will face probation revocation proceedings in state court -- moved him into Category II. This is disproportionate to the conduct involved.

## REQUEST FOR VARIANCE

Defendant has a three year old son who suffers from seizures

and severe asthma.  Defendant values his relationship with his son, and a child facing such challenges benefits greatly from paternal presence and support, emotional and financial.  Special health needs of a family member will justify a variance:  *United States v. Sclamo*, 997 F. 2d 970 (1st Cir. 1993); *United States v. Bailey*, 369 F. Supp. 2d 1090 (D.C. Neb. 2005); *United States v. Colp*, 249 F. Supp. 2d 740 (E.D. Va. 2003).

    Respectfully submitted,

    s / *James A. Wymard*

    James A. Wymard
    Attorney for Defendant